## HENKE v MEYER

Ohio Appeals, 1st Dist, Hamilton Co

No 5129.   Decided June 26, 1936

Ragland, Dixon & Murphy, Cincinnati, and Philip J. Kennedy, Cincinnati, for relator.

William C. Schuch, Cincinnati, for respondent.

## OPINION

By ROSS, PJ.

Mandamus. Original action in this court.

The relator seeks by this action to compel the respondent to issue to him a permit to replace a frame building with one constructed of concrete, the same to be used as a garage. The relator is engaged in the hauling and trucking business. The proposed structure is designed to accommodate the vehicles used in such business.

The respondent predicates his refusal of the writ upon the zoning ordinance of the City of St. Bernard, which by its provisions defines the particular area in which the proposed building will be located as Residence B. The limitations placed upon this zone prevent the erection of a building such as that proposed.

The relator asserts and his evidence was directed toward proving, that the zoning ordinance is invalid due to irregularities incident to its publication.

· The statute involved, §4232, GC, provides in part:

"In municipal corporations in which no newspaper is printed as defined in §6255 GC, publication of ordinances, resolutions, statements, orders, proclamations, notices and reports, required by law or ordinance to be published, shall be published in either of the following methods, to be determined by counsel, viz: By posting copies thereof in not less than five of the most public places in the municipality, to be determined by council for a period of not less than fifteen days, prior to the taking effect thereof, or, by publication thereof in any newspaper printed in Ohio and of general circulation in such municipality."

An examination of the minutes of council shows no preliminary specific designation by the council either of the method to be adopted in publishing the ordinance or the places where it was to be posted. However, the minutes of the council do contain a certification of the clerk reciting that the ordinance was posted in certain specified places, pursuant to the designation of council.

A presumption always prevails in favor of the validity of the acts of an official body. The burden of proof rests upon the relator to establish the invalidity of the ordinance. We conclude that the circumstances existing do not warrant a finding against the ordinance. To hold otherwise would be to attach a strictness in the application of the statute not justified by either reason or fairness.

It is also asserted and the minutes of council show that when the zoning ordinance was passed as an emergency measure that the clerk failed to record the movent of the resolution to enact the ordinance as voting to suspend the rules. Without his vote the required number of votes was not present. Again the presumption of validity must prevail in the absence of a direct showing that the movent voted against the adoption of the order to suspend, though responsible for initiating the zoning ordinance itself.

Our conclusion therefore is that the zoning ordinance is a valid enactment of the Council of the City of St. Bernard, and as such is a complete defense to a demand that the respondent issue a permit in direct conflict thereto.

We specifically refrain from passing upon any question involving the applicability of the ordinance to the particular property involved in so far as the same may be controlled by any arbitrary consideration constituting such application an unwarranted interference with the constitutional rights of the property owner. The case will remain open for a period of ten days pending the assertion of such a claim if the same does exist. At the conclusion of this period, no proper action having been taken, judgment may be entered denying the writ.

MATTHEWS and HAMILTON, JJ, concur.